IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

AUSTIN N. JONES,

      Defendant.

Case No. 3:18-CR-30041-NJR-1

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      On July 31, 2024, this Court will decide whether Defendant Austin Jones should have his term of supervised release revoked. The Petition for Revocation of Supervised Release alleges that, in January 2024, Jones committed the offenses of threatening a public official and domestic battery, he failed to report his contact with the Centralia Police Department, and he failed to make payments toward his financial penalty. (Doc. 55). With regard to the domestic battery allegation, the Government asserts that Jones struck his father, George Jones, in the face in the early morning hours of January 24, 2024. (Doc. 73). Officer Travis Ripperda responded to the scene, but George Jones did not want to pursue charges against Defendant because he did not want his son to go back to the Bureau of Prisons. (*Id.*). The Government further claims that Jones threatened Ripperda. (*Id.*).

      Now before the Court is a Motion Pursuant to Rule 32.1(b)(2)(c) of the Federal Rules of Criminal Procedure filed by Jones. (Doc. 72). Jones asserts that the Government intends to call Officer Ripperda to testify at the final revocation hearing to establish that Jones committed the offenses of domestic battery and threatening a public official. (*Id.*). But,

because Officer Ripperda is not the victim of the alleged domestic battery and does not possess firsthand knowledge of the incident, his testimony is hearsay. (*Id.*). The alleged victim is Jones's father, who himself is a convicted felon with a history of domestic abuse. (*Id.*). George Jones also resides within the Southern District of Illinois and is available to testify. (*Id.*). Jones asserts that the Court must assess his father's credibility, meaning he must testify and be subject to cross-examination at the hearing. (*Id.*).

In response, the Government explains that around 1:49 a.m. on January 24, 2024, Officer Ripperda responded to a report of a male badly bleeding at a residence in Centralia, Illinois. (Doc. 73). There, he found George Jones bleeding from a cut above his eye. (*Id.*). Jones confirmed that his son, Austin Jones, struck him in the face. (*Id.*). However, George Jones did not want to pursue charges against his son because he didn't want him returning to federal prison. (*Id.*).

With regard to Jones's argument that Officer Ripperda's testimony constitutes hearsay, the Government argues that Federal Rule of Evidence 1101(d)(3) renders the Federal Rules of Evidence inapplicable to revocation hearings, so hearsay evidence is allowed. (*Id.*). Furthermore, Jones's due process rights will not be violated when his interest in confronting the witness does not outweigh the Government's reason for offering the hearsay testimony. (*Id.*). The Government contends that Officer Ripperda's testimony is substantially reliable and trustworthy, whereas George Jones has an interest in ensuring his son is not sent back to prison. (*Id.*). Therefore, Defendant's motion should be denied. (*Id.*).

Federal Rule of Criminal Procedure 32.1(b)(2)(C) provides that, at a revocation hearing, a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." *United States v. Falls*,

960 F.3d 442, 443 (7th Cir. 2020) (quoting FED. R. CRIM. P. 32(b)(2)(C)). The Government is correct that the Federal Rules of Evidence generally do not apply during a revocation hearing. FED. R. EVID. 1101(d)(3). But "when a district court is deciding whether to admit hearsay at a revocation hearing, it must explicitly conduct an interest-of-justice analysis under Rule 32.1(b)(2)(C) by balancing the defendant's interest in confrontation against the government's stated reasons for not making the declarant available for cross-examination." *United States v. Falls*, 960 F.3d 442, 443 (7th Cir. 2020) (citing *United States v. Jordan*, 742 F.3d 276, 280 (7th Cir. 2014)).

Here, the interest of justice does not require George Jones to testify in court. As a preliminary matter, Rule 32.1(b)(2)(C) entitles a defendant to question any *adverse* witness unless the interest of justice does not require the witness to appear. In *Falls* and *Jordan*, the Seventh Circuit clarified that the reason for considering the defendant's interest in confronting adverse witnesses under Rule 32.1(b)(2)(C) is that "[c]ross-examination provides an opportunity to expose a witness's motivation for testifying, his bias, or his possible incentives to lie." *Jordan*, 742 F.3d at 279; *Falls*, 960 F.3d at 446. In this case, however, the Court finds that George Jones would be a witness *for* Austin Jones, not *against* Austin Jones. George Jones is Defendant's father, and he did not want to pursue charges on the night of the incident because he did not want his son to go back to federal prison. Because George Jones is not adverse witness, the Court finds that Defendant's constitutional interest in confronting and cross-examining George Jones is minimal.

At the same time, the Government has a significant interest in not producing George Jones as a witness. As described in the Summary of Violation Conduct provided to this Court by U.S. Probation, George Jones professed his unwillingness to pursue charges against

Austin Jones in order to keep his son out of prison, making him an adverse witness for the Government. And is not uncommon for victims of domestic abuse to refuse to testify. *See United States v. Pritchard*, 579 F. App'x 513, 518 (7th Cir. 2014) (finding that a district court may admit hearsay evidence in light of the reality that domestic violence victims often do not want to testify).

Finally, the Court notes that the reliability of Officer Ripperda's testimony weighs in favor of allowing the Government to present him as a witness in lieu of George Jones. Officer Ripperda responded to the incident and observed George Jones's injury. George Jones also told Officer Ripperda, in a recorded statement, that his son struck him. Thus, this case is unlike *Jordan*, where the probation officer who testified had "no independent knowledge of the events, so his testimony merely repeated rather than corroborated the police report." *Jordan*, 742 F.3d at 281.

Having balanced Defendant's interest in confronting George Jones against the Government's reason for not making him available for cross-examination, the Court finds that the interest of justice does not require George Jones to appear. Defendant Austin Jones's Motion Pursuant to Rule 32.1(b)(2)(c) (Doc. 72) is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 28, 2024

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**